UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CALIPER LIFE SCIENCES, INC., A PERKINELMER COMPANY<br><br>Plaintiff,<br><br>v.<br><br>Menarini Silicon Biosystems S.p.A.<br><br>Defendant. | Civil Action No. 17-12426<br><br>**JURY TRIAL DEMANDED**<br><br>December 8, 2017 |

## COMPLAINT

Caliper Life Sciences, Inc. ("Caliper" or "Plaintiff"), by and through its attorneys, Day Pitney LLP, brings this Complaint for patent infringement against Menarini Silicon Biosystems S.p.A. ("Silicon Biosystems" or "Defendant") and alleges as follows:

## THE PARTIES

1. Caliper is a Delaware corporation with its principal place of business at 68 Elm Street, Hopkinton, Massachusetts 01748. Caliper is a wholly owned subsidiary of PerkinElmer Holdings, Inc. (a corporation organized under the laws of the Commonwealth of Massachusetts), which, in turn, is a wholly owned subsidiary of PerkinElmer, Inc. (a corporation organized under the laws of the Commonwealth of Massachusetts).

2. Upon information and belief, Silicon Biosystems is an Italian corporation with its principal place of business at Via dei Lapidari, 12, Bologna, Italy.

## NATURE OF THE ACTION

3. Plaintiff's claims arise out of Defendant's willful infringement of at least the following United States Patents (collectively, "Asserted Patents"):

    a. U.S. Patent No. 6,321,791 ("'791 Patent"), entitled "Multi-layer microfluidic devices," a copy of which is attached hereto as Exhibit A.

    b. U.S. Patent No. 6,648,015 ("'015 Patent"), entitled "Multi-layer microfluidic devices," a copy of which is attached hereto as Exhibit B.

    c. U.S. Patent No. 6,857,449 ("'449 Patent"), entitled "Multi-layer microfluidic devices," a copy of which is attached hereto as Exhibit C.

    d. U.S. Patent No. 5,957,579 ("'579 Patent"), entitled "Microfluidic systems incorporating varied channel dimensions," a copy of which is attached hereto as Exhibit D.

    e. U.S. Patent No. 6,186,660 ("'660 Patent"), entitled "Microfluidic systems incorporating varied channel dimensions," a copy of which is attached hereto as Exhibit E.

    f. U.S. Patent No. 6,399,025 ("'025 Patent"), entitled "Analytical system and method," a copy of which is attached hereto as Exhibit F.

    g. U.S. Patent No. 6,071,478 ("'478 Patent"), entitled "Analytical system and method," a copy of which is attached hereto as Exhibit G.

    h. U.S. Patent No. 6,432,720 ("'720 Patent"), entitled "Analytical system and method," a copy of which is attached hereto as Exhibit H.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to at least 28 U.S.C. §§ 1331 and 1338.

5. This Court has personal jurisdiction over Defendant by virtue of, among other things, its transacting, doing, and soliciting business in this District and committing acts of direct and/or indirect patent infringement in this District.

6. Venue is proper in this District because Defendant is a foreign corporation and has committed acts of direct and/or indirect patent infringement in this District.

## FACTUAL BACKGROUND

7. Since its founding in 1995, Caliper has researched, designed, manufactured, sold, and supported integrated systems supporting the life sciences research community. These systems include, but are not limited to, instruments, software, reagents and assays. Caliper is a well-established industry innovator and is trusted by the world's best life sciences companies, including pharmaceutical and biotechnology companies, as well as government and research institutions.

8. Caliper is a pioneer in microfluidics, lab automation, and optical imaging instrument technologies, as well as drug discovery and drug development outsourcing solutions. Caliper's products are groundbreaking and well-recognized around the world.

9. Caliper owns by assignment the entire right, title, and interest in the '791 Patent. The '791 Patent issued from U.S. Patent Application Serial No. 09/679,479, filed on October 4, 2000. The '791 Patent expires on January 14, 2019.

10. Caliper owns by assignment the entire right, title, and interest in the '015 Patent. The '015 Patent issued from U.S. Patent Application Serial No. 10/265,202, filed on October 3, 2002. The '015 Patent expires on January 14, 2019.

11. Caliper owns by assignment the entire right, title, and interest in the '449 Patent. The '449 Patent issued from U.S. Patent Application Serial No. 10/675,567, filed on September 30, 2003. The '449 Patent expires on January 14, 2019.

12. Caliper owns by assignment the entire right, title, and interest in the '579 Patent. The '579 Patent issued from U.S. Patent Application Serial No. 09/163,709, filed on September 30, 1998. The '579 Patent expired on October 9, 2017.

13. Caliper owns by assignment the entire right, title, and interest in the '660 Patent. The '660 Patent issued from U.S. Patent Application Serial No. 09/360,784, filed on July 26, 1999. The '660 Patent expired on October 9, 2017.

14. Caliper owns by assignment the entire right, title, and interest in the '025 Patent. The '025 Patent issued from U.S. Patent Application Serial No. 09/531,189, filed on March 21, 2000. The '025 Patent expired on August 2, 2016.

15. Caliper owns by assignment the entire right, title, and interest in the '478 Patent. The '478 Patent issued from U.S. Patent Application Serial No. 09/243,670, filed on February 2, 1999. The '478 Patent expired on August 2, 2016.

16. Caliper owns by assignment the entire right, title, and interest in the '720 Patent. The '720 Patent issued from U.S. Patent Application Serial No. 09/977,032, filed on October 12, 2001. The '720 Patent expired on August 2, 2016.

17. According to Silicon Biosystems' promotional and marketing materials and based on Plaintiff's inspection, Silicon Biosystems' DEPArray system includes a microscale substrate

with a plurality of layers having interconnected microscale channels and ports, sealed by a flat cover layer disposed over at least a portion of the intersecting microscale channels, and at least one associated detection means.  The channels in the DEPArray system vary in shape and size, with at least a portion having an aspect ratio (width/depth) less than 1.

18. According to Silicon Biosystems' promotional and marketing materials and based on Plaintiff's inspection, the DEPArray system includes an analytical instrument with an electrical interface structure and a material transport system.

### COUNT I
**(Infringement of the '791 Patent)**

19. Paragraphs 1–18 are hereby incorporated by reference as if fully set forth herein.

20. Upon information and belief, Silicon Biosystems sells, offers to sell and/or imports into the United States products that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, at least one claim of the '791 Patent.  Such products include Silicon Biosystems' DEPArray system.

21. Caliper put Silicon Biosystems on notice of the '791 Patent on February 12, 2016 at the latest.  Silicon Biosystems actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '791 Patent by offering for sale, importing, and/or selling infringing products, all with knowledge of the '791 Patent and its claims.  Upon information and belief, Silicon Biosystems has knowledge that its customers use its products to infringe the claims of the '791 Patent, and possessed specific intent to encourage those infringing uses through, for example, creation and dissemination of promotional and marketing materials relating to such uses.

22. Upon information and belief, Silicon Biosystems' infringement of the '791 Patent is willful.

23. Plaintiff has suffered and continues to suffer damages from Silicon Biosystems' infringing acts.

24. Plaintiff is entitled to recover damages adequate to compensate it for Silicon Biosystems' infringement.

## COUNT II
**(Infringement of the '015 Patent)**

25. Paragraphs 1–18 are hereby incorporated by reference as if fully set forth herein.

26. Upon information and belief, Silicon Biosystems sells, offers to sell and/or imports into the United States products that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, at least one claim of the '015 Patent. Such products include Silicon Biosystems' DEPArray system.

27. Caliper put Silicon Biosystems on notice of the '015 Patent on February 12, 2016 at the latest. Silicon Biosystems actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '015 Patent by offering for sale, importing, and/or selling infringing products, all with knowledge of the '015 Patent and its claims. Upon information and belief, Silicon Biosystems has knowledge that its customers use its products to infringe the claims of the '015 Patent, and possessed specific intent to encourage those infringing uses through, for example, creation and dissemination of promotional and marketing materials relating to such uses.

28. Upon information and belief, Silicon Biosystems' infringement of the '015 Patent is willful.

29. Plaintiff has suffered and continues to suffer damages from Silicon Biosystems' infringing acts.

30. Plaintiff is entitled to recover damages adequate to compensate it for Silicon Biosystems' infringement.

## COUNT III
**(Infringement of the '449 Patent)**

31. Paragraphs 1–18 are hereby incorporated by reference as if fully set forth herein.

32. Upon information and belief, Silicon Biosystems sells, offers to sell and/or imports into the United States products that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, at least one claim of the '449 Patent. Such products include Silicon Biosystems' DEPArray system.

33. Caliper put Silicon Biosystems on notice of the '449 Patent on February 12, 2016 at the latest. Silicon Biosystems actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '449 Patent by offering for sale, importing, and/or selling infringing products, all with knowledge of the '449 Patent and its claims. Upon information and belief, Silicon Biosystems has knowledge that its customers use its products to infringe the claims of the '449 Patent, and possessed specific intent to encourage those infringing uses through, for example, creation and dissemination of promotional and marketing materials relating to such uses.

34. Upon information and belief, Silicon Biosystems' infringement of the '449 Patent is willful.

35. Plaintiff has suffered and continues to suffer damages from Silicon Biosystems' infringing acts.

36. Plaintiff is entitled to recover damages adequate to compensate it for Silicon Biosystems' infringement.

## COUNT IV
**(Infringement of the '579 Patent)**

37. Paragraphs 1–18 are hereby incorporated by reference as if fully set forth herein.

38. Upon information and belief, during the term of the '579 Patent, Silicon Biosystems sold, offered to sell and/or imported into the United States products that directly and/or indirectly infringed, literally and/or under the doctrine of equivalents, at least one claim of the '579 Patent. Such products include Silicon Biosystems' DEPArray system.

39. Caliper put Silicon Biosystems on notice of the '579 Patent on February 12, 2016 at the latest. Silicon Biosystems actively, knowingly, and intentionally induced infringement of the '579 Patent by offering for sale, importing, and/or selling infringing products, all with knowledge of the '579 Patent and its claims. Upon information and belief, Silicon Biosystems had knowledge that its customers would use its products to infringe the claims of the '579 Patent, and possessed specific intent to encourage those infringing uses through, for example, creation and dissemination of promotional and marketing materials relating to such uses.

40. Upon information and belief, Silicon Biosystems' infringement of the '579 Patent was willful.

41. Plaintiff has suffered damages from Silicon Biosystems' infringing acts.

42. Plaintiff is entitled to recover damages adequate to compensate it for Silicon Biosystems' infringement.

## COUNT V
**(Infringement of the '660 Patent)**

43. Paragraphs 1–18 are hereby incorporated by reference as if fully set forth herein.

44. Upon information and belief, during the term of the '660 Patent, Silicon Biosystems sold, offered to sell and/or imported into the United States products that directly and/or indirectly infringed, literally and/or under the doctrine of equivalents, at least one claim of the '660 Patent.  Such products include Silicon Biosystems' DEPArray system.

45. Caliper put Silicon Biosystems on notice of the '660 Patent on February 12, 2016 at the latest.  Silicon Biosystems actively, knowingly, and intentionally induced infringement of the '660 Patent by offering for sale, importing, and/or selling infringing products, all with knowledge of the '660 Patent and its claims.  Upon information and belief, Silicon Biosystems had knowledge that its customers would use its products to infringe the claims of the '660 Patent, and possessed specific intent to encourage those infringing uses through, for example, creation and dissemination of promotional and marketing materials relating to such uses.

46. Upon information and belief, Silicon Biosystems' infringement of the '660 Patent was willful.

47. Plaintiff has suffered damages from Silicon Biosystems' infringing acts.

48. Plaintiff is entitled to recover damages adequate to compensate it for Silicon Biosystems' infringement.

## COUNT VI
**(Infringement of the '025 Patent)**

49. Paragraphs 1–18 are hereby incorporated by reference as if fully set forth herein.

50. Upon information and belief, during the term of the '025 Patent, Silicon Biosystems sold, offered to sell and/or imported into the United States products that directly

and/or indirectly infringed, literally and/or under the doctrine of equivalents, at least one claim of the '025 Patent. Such products include Silicon Biosystems' DEPArray system.

51. Caliper put Silicon Biosystems on notice of the '025 Patent on February 12, 2016 at the latest. Silicon Biosystems actively, knowingly, and intentionally induced infringement of the '025 Patent by offering for sale, importing, and/or selling infringing products, all with knowledge of the '025 Patent and its claims. Upon information and belief, Silicon Biosystems had knowledge that its customers would use its products to infringe the claims of the '025 Patent, and possessed specific intent to encourage those infringing uses through, for example, creation and dissemination of promotional and marketing materials relating to such uses.

52. Upon information and belief, Silicon Biosystems' infringement of the '025 Patent was willful.

53. Plaintiff has suffered damages from Silicon Biosystems' infringing acts.

54. Plaintiff is entitled to recover damages adequate to compensate it for Silicon Biosystems' infringement.

## COUNT VII
### (Infringement of the '478 Patent)

55. Paragraphs 1–18 are hereby incorporated by reference as if fully set forth herein.

56. Upon information and belief, during the term of the '478 Patent, Silicon Biosystems sold, offered to sell and/or imported into the United States products that directly and/or indirectly infringed, literally and/or under the doctrine of equivalents, at least one claim of the '478 Patent. Such products include Silicon Biosystems' DEPArray system.

57. Caliper put Silicon Biosystems on notice of the '478 Patent on February 12, 2016 at the latest. Silicon Biosystems actively, knowingly, and intentionally induced infringement of

the '478 Patent by offering for sale, importing, and/or selling infringing products, all with knowledge of the '478 Patent and its claims.  Upon information and belief, Silicon Biosystems had knowledge that its customers would use its products to infringe the claims of the '478 Patent, and possessed specific intent to encourage those infringing uses through, for example, creation and dissemination of promotional and marketing materials relating to such uses.

58.     Upon information and belief, Silicon Biosystems' infringement of the '478 Patent was willful.

59.     Plaintiff has suffered damages from Silicon Biosystems' infringing acts.

60.     Plaintiff is entitled to recover damages adequate to compensate it for Silicon Biosystems' infringement.

## COUNT VIII
### (Infringement of the '720 Patent)

61.     Paragraphs 1–18 are hereby incorporated by reference as if fully set forth herein.

62.     Upon information and belief, during the term of the '720 Patent, Silicon Biosystems sold, offered to sell and/or imported into the United States products that directly and/or indirectly infringed, literally and/or under the doctrine of equivalents, at least one claim of the '720 Patent.  Such products include Silicon Biosystems' DEPArray system.

63.     Caliper put Silicon Biosystems on notice of the '720 Patent on February 12, 2016 at the latest.  Silicon Biosystems actively, knowingly, and intentionally induced infringement of the '720 Patent by offering for sale, importing, and/or selling infringing products, all with knowledge of the '720 Patent and its claims.  Upon information and belief, Silicon Biosystems had knowledge that its customers would use its products to infringe the claims of the '720 Patent,

and possessed specific intent to encourage those infringing uses through, for example, creation and dissemination of promotional and marketing materials relating to such uses.

64. Upon information and belief, Silicon Biosystems' infringement of the '720 Patent was willful.

65. Plaintiff has suffered damages from Silicon Biosystems' infringing acts.

66. Plaintiff is entitled to recover damages adequate to compensate it for Silicon Biosystems' infringement.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests the following relief:

A. A judgment that Defendant has infringed the '791 Patent;

B. A judgment that Defendant has infringed the '015 Patent;

C. A judgment that Defendant has infringed the '449 Patent;

D. A judgment that Defendant has infringed the '579 Patent;

E. A judgment that Defendant has infringed the '660 Patent;

F. A judgment that Defendant has infringed the '025 Patent;

G. A judgment that Defendant has infringed the '478 Patent;

H. A judgment that Defendant has infringed the '720 Patent;

I. An award of all appropriate damages under 35 U.S.C. § 284 for Defendant's infringement of the Asserted Patents, including compensatory damages and enhanced damages for willful infringement;

J. An award of interest and costs;

K. A declaration that this case is exceptional within the meaning of 35 U.S.C. § 285 and

an award of Plaintiff's reasonable attorney fees in prosecuting this action; and

L.  Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all claims and issues so triable.

December 8, 2017

OF COUNSEL:

    Elizabeth A. Alquist
    Jonathan B. Tropp
    Woo Sin Sean Park
    Day Pitney LLP
    242 Trumbull Street
    Hartford, CT 06103-1212
    Tel: (860) 275-0100
    Fax: (860) 275-0343
    Email: eaalquist@daypitney.com
           jbtropp@daypitney.com
           wpark@daypitney.com

Respectfully submitted,

Plaintiff,

CALIPER LIFE SCIENCES, INC., A PERKINELMER COMPANY

By its attorney,

/s/ Darian M. Butcher
Darian M. Butcher
BBO # 685568
Day Pitney LLP
One International Place
Boston, MA 02110
Tel: (617) 345-4600
Fax: (617) 345-4745
Email:  dbutcher@daypitney.com